UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE GOMES FERREIRA VAZ, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 23-cv-10622-ADB |
| MARTIN O'MALLEY, Commissioner of Social Security, | * * * | |
| Defendant. | * * | |

**ORDER**

Plaintiff's motion for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $5,509.10, [ECF No. 21], is GRANTED in part and DENIED in part.

Per the EAJA,

> a court shall award to a prevailing party . . . fees and other expenses, in addition to any costs . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought . . . against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

On the one hand, Plaintiff was the prevailing party. Defendant does not argue otherwise, nor does he argue that his position "was substantially justified." See generally [ECF No. 25]. It therefore appears that Plaintiff is eligible for EAJA fees. See Michel v. Mayorkas, 68 F.4th 74, 78 (1st Cir. 2023). Additionally, the $5,509.10 in fees requested is not itself unreasonable.

Nevertheless, Defendant asserts that Plaintiff has failed to adequately document the time for which he seeks fees, because "counsel's timesheets are facially implausible," and thus the

1

Court should deny Plaintiff's fee award.  [ECF No. 25 at 14].[1]  As the fee applicant, Plaintiff "bears the burden of . . . documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  As required by the EAJA, an "application for fees must include 'the amount sought, including an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed.'" Castañeda-Castillo v. Holder, 723 F.3d 48, 79 (1st Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(B)).  "This itemized statement must be a 'full and specific accounting' of the tasks performed, including 'the dates of performance, and the number of hours spent on each task' as well as a description of the nature of the tasks." Id. (quoting Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 527 (1st Cir. 1991)).  "The statement must also consist of 'detailed contemporaneous time records' explaining how time was spent on each claim in the case." Id. (first quoting Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984); and then citing Hensley, 461 U.S. at 437)).

"District courts have broad discretion in determining reasonable fees." Sinclair v. Berryhill, 284 F. Supp. 3d 111, 116 (D. Mass. 2018) (citing Hensley, 461 U.S. at 437).  "[A court] may discount or disallow the total hours claimed if it determines that the time is insufficiently documented." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008) (citing Hensley, 461 U.S. at 433) (further citation omitted).

There is nothing on the face of the fee petition, which is supported by affidavits, see [ECF Nos. 22, 22-1], that indicates that the time reflected in the records was not the time actually

---

[1] The Commissioner also requests that the Court reject any supplemental application for "fees on fees."  [ECF No. 25 at 13–14].  In reply, Plaintiff indicates that given that "he should have caught the mistakes in the timesheet prepared by his paralegal before it was sent to Defendant's counsel," he "will not request . . . supplemental fees in this matter."  [ECF No. 31 at 6 n.1].

spent or that it was not contemporaneously recorded, as is required by the EAJA, see 28 U.S.C. § 2412(d)(1)(B); Castaneda-Castillo, 723 F.3d at 79.  That said, Defendant raises legitimate concerns about the billing practices of counsel's firm, including that numerous petitions indicate that "the exact same amount of time was expended to" complete various tasks[2] in cases "with varying factual and legal issues and briefs of different lengths."  [ECF No. 25 at 2–3, 4–7].[3]  Additionally, as the Commissioner points out, the time records submitted to the government while the parties were conferring about a stipulated fee amount for this case, "contained the exact same entries for briefing" reported in another case.  [Id. at 8–9].  The Court is concerned about the billing practices highlighted by the government which could be seen as anywhere from sloppy to deceitful, but also recognizes that Plaintiff was the prevailing party and that work was done by his counsel to secure that outcome.  Therefore, the Court will award 50% of the requested fee amount, that is, **$2,754.55**.

The Court also cautions counsel that any other suspect billing will be dealt with in a more consequential way.

---

[2] These tasks include: "Conduct preliminary case review;" "Call the client to discuss filing a federal-court case;" "Review[ ] [the] complaint, fil[e] documents, review[ ] arguments, file, hearing notes;" "Outline and draft the brief;" "Review and incorporate edits into the brief;" and "File the brief."  [ECF No. 25 at 2].

[3] Plaintiff asserts that Federal Rule of Evidence 408 bars the Court's consideration of petitions submitted during settlement discussions.  See [ECF No. 31 at 3–4].  The Court finds, as Judge Sullivan did in her report and recommendation in Eduardo v. O'Malley, that these petitions are relevant for a purpose that is not barred by Rule 408 and that "[t]o hold otherwise would result in a serious miscarriage of justice impacting the expenditure of public funds because [plaintiff's counsel's] alleged conduct is not susceptible of detection unless the compromise timesheets from other cases are considered."  No. 23-cv-00011, 2022 WL 22441521, at *2 n.5 (D.R.I. Feb. 21, 2022).

**SO ORDERED.**

April 3, 2024 /s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
U.S. DISTRICT JUDGE